IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:18-cr-590-M |
| CHUPEE ERNEST JOE | |

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:21-cr-309-M |
| CHUPEE ERNEST JOE | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In this garnishment proceeding, Defendant Chupee Ernest Joe, proceeding

pro se, has filed a Claim for Exemptions, Request for Hearing, and/or Request for

Transfer (ECF No. 35). The District Judge referred Joe's Claim for Exemptions to

the undersigned pursuant to 28 U.S.C. § 636(b) and an order of reference. *See* ECF

No. 37. On December 19, 2023, the undersigned held a hearing on Joe's Claim for

Exemptions, *see* ECF No. 39, and determined that Joe "was not prepared to

address the applicability of any exemptions available to him under 18 U.S.C. §

3613"; granted him "an extension of time to submit his arguments for

consideration"; and ordered him to, by January 19, 2024, "file with the Court a

written explanation setting forth the specific reasons why he believes the property

the government seeks is exempt from being taken by the government or why he

believes he does not owe the debt to the government." *See* ECF No. 40 at 1. On

1

January 19, 2024, Joe filed his written explanation (*see* ECF No. 41), and on February 2, 2024, the Government filed its response (*see* ECF No. 42).[1] For the reasons set forth below, Joe's Claim for Exemptions should be DENIED.

## Background

After Joe pleaded guilty in two separate criminal actions, this Court entered judgment against him for two federal offenses—tax fraud (*United States v. Chupee Ernest Joe*, 3:18-CR-590-M (the "2018 criminal case" or "CR 2018")) and perjury (*United States v. Chupee Ernest Joe*, 3:21-CR-309-M (the "2021 criminal case" or "CR 2021")). *See* CR 2018, ECF No. 136 (Am. Judgment); CR 2021, ECF No. 25 (Judgment). As part of his sentence in the 2018 criminal case, the Court ordered Joe to pay a $200 mandatory special assessment and $134,063 in restitution to be paid to the Internal Revenue Service. CR 2018, ECF No. 136 (Am. J. at 6). As part of his sentence in the 2021 criminal case, the Court ordered Joe to pay a $100 mandatory special assessment and the sum of $11,700.67 in restitution to the U.S. District Clerk's Office. CR 2021, ECF No. 25 (Am. J. at 6).

In both cases, the United States obtained and served writs of garnishment on Comerica Bank, seeking substantial nonexempt property in its possession,

---

[1] Although Joe filed his Claim for Exemptions in 3:21-cr-309-M only, liberally construing his pro se filings, the Court concludes that he intended to seek exemptions in both 3:21-cr-309-M and 3:18-cr-590-M. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pleadings filed by pro se parties to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the Court will direct the Clerk of Court to docket these Findings, Conclusions, and Recommendation in both cases.

custody, or control belonging to Joe. *See* CR 2018, ECF No. 144; CR 2021, ECF No. 29. According to the Government, the garnishee, Comerica, is currently holding $158,463.40, comprised of the amounts ordered for restitution in CR 2018 and CR 2021 and applicable surcharges. *See* CR 2021, ECF No. 42 at 2.

Joe asserts numerous exemptions, arguing that $116,097 of the amount on hold is exempt. *See* CR 2021, ECF No. 41.  In response, the Government asks the Court to reject Joe's claimed exemptions. *See* CR 2021, ECF No. 42.

## Legal Standard

The United States may enforce a judgment imposing a criminal fine or restitution order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a) & (f). One such procedure is a writ of garnishment under the Federal Debt Collection Practices Act ("FDCPA"), 28 U.S.C. § 3205. This statute provides, in pertinent part:

> A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody or control of a person other than the debtor, in order to satisfy the judgment against the debtor.

*Id.* § 3205(a). However, certain property is exempt from garnishment. This includes "property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10) and (12) of the Internal Revenue Code of 1986[.]" 18 U.S.C. § 3613(a)(1). The party filing an objection has the burden of proving the

grounds for any exemption. 28 U.S.C. § 3205(c)(5); *see also United States v. Hancock,* 2020 WL 6365473, at *3 (N.D. Tex. Oct. 29, 2020) (Fitzwater, J.).

## Analysis

Construed liberally, Joe claims exemptions under 26 U.S.C. § 6334(a)(1), (a)(2), (a)(3), and (a)(4) of the Internal Revenue Code and maintains that garnishment will cause him a financial hardship. *See* ECF No. 41 at 1-2. These sections provide, in pertinent part:

There shall be exempt from levy:

(1)    Wearing apparel and school books.—Such items of wearing apparel and such school books as are necessary for the taxpayer or for members of his family;

(2)    Fuel, provisions, furniture, and personal effects.—So much of the fuel, provisions, furniture, and personal effects in the taxpayer's household, and of the arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $6,250 in value;

(3)    Books and tools of a trade, business, or profession.—So many of the books and tools necessary for the trade, business, or profession of the taxpayer as do not exceed in the aggregate $3,125 in value[;] [and]

(4)    Unemployment benefits.—Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or of the Commonwealth of Puerto Rico.

26 U.S.C. § 6334(a)(1)-(4).

The Government argues that Joe "misinterprets how [the] exemptions work[]" and that "[n]one of the exemptions cited by [him] apply to funds that are

held in a bank account." ECF No. 42 at 3. For the reasons that follow, the Court

agrees and finds that Joe has not established that the funds on hold in his Comerica

account are exempt from garnishment.

### A.    Exemptions for Tangible Items

Joe claims exemptions pursuant to 26 U.S.C. § 6334(a)(1), (a)(2), and (a)(3)

for (1) books and tools of the business in the amount of $5,400; (2) fuel, provisions,

furniture and personal effects in the amount of $10,810; and (3) wearing apparel

and schoolbooks in the amount of $9,887. *See* ECF No. 41 at 1-2. The Government

does not seek to garnish any of these tangible items, but funds in a bank account.

And, from what the Court can discern, Joe appears to be asserting that he is

entitled to the Comerica funds for future purchases of these tangible items. "While

the types of property Defendant *intends* to purchase are exempt, they do not

become exempt until they are purchased and become property of the Defendant."

*United States v. Gutierrez*, 2019 WL 3229176, at *2 (W.D. Tex. July 18, 2019)

(cleaned up) (internal citations omitted) (emphasis in original).

### B.    Exemption for Unemployment Benefits

Joe also claims an exemption under 26 U.S.C. § 6334(a)(4). Specifically, he

asserts that $90,000 of the funds currently held in his Comerica account must be

set aside for unemployment benefits, taking care of his sons, and retirement. *See*

ECF No. 41 at 2. Section 6334(a)(4) exempts "[a]ny amount payable to an

individual with respect to his unemployment . . . under an unemployment

compensation law of the United States, of any State, or of the District of Columbia or of the Commonwealth of Puerto Rico." 26 U.S.C. § 6334(a)(4).

Unemployment benefits lose their exempt character once they are received and deposited into an account belonging to a judgment debtor, as appears to be the case here. *See Hancock,* 2020 WL 6365473, at *1 ("[e]ven if the funds in these accounts were *originally* unemployment benefits . . . the funds would have ceased being covered by the exemptions once they were deposited") (emphasis in original); *United States v. Bomhak,* 2019 WL 5255279, at *2 (W.D. Okla. Sept. 18, 2019), *accepted by* 2019 WL 5213975 (W.D. Okla. Oct. 16, 2019) (even if funds were originally unemployment benefits or workmen's compensation benefits, funds ceased being covered by the exemption once they were deposited into bank account); *United States v. Martins,* 2021 WL 8342852, at *2 (D.R.I. July 8, 2021), *accepted by* 2021 WL 8342851 (D.R.I. Sept. 15, 2021) (recognizing that "unemployment insurance loses its exempt character once it is received and deposited in an account belonging to a judgment debtor") (citations omitted).

### C.    Exemptions for Hardship

Finally, as the Government notes in its response brief, "there is no general exemption for hardship or 'basic life needs for his family.'" *See* ECF No. 42 at 4. Congress did not include hardship as a potential exemption. *See United States v. Tisdale,* 2013 WL 4804286, at *5 (N.D. Tex. Sept. 9, 2013) (Lindsay, J.) (explaining that "undue hardship is not recognized as a valid objection to a writ of garnishment") (citing *United States v. Sharlow,* 2010 WL 1779646, at *2 (N.D.

Tex. March 26, 2010)); *see also United States v. Lawrence,* 538 F. Supp. 2d 1188, 1194 (D.S.D. 2008) (holding that "consideration of Defendant's financial situation and/or the equities of the case are not subject to or within the purview of a garnishment hearing").[2]

## Recommendation

For these reasons, the Magistrate Judge recommends that the District Court DENY Joe's Claim for Exemptions. The Court DIRECTS the Clerk of Court to docket these Findings, Conclusions, and Recommendation in both *United States v. Chupee Ernest Joe*, 3:18-CR-590-M and *United States v. Chupee Ernest Joe*, 3:21-CR-309-M.

**SO RECOMMENDED.**

March 5, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[2] Although Joe alludes to the need to financially support two sons, *see* ECF No. 41 at 2, there is no indication that these are minor children and no court order requiring him to do so. Such an order is necessary to establish the child support exemption under 26 U.S.C. § 6334(a)(8). *See United States v. Sharlow,* 2010 WL 1779646, at *2 (N.D. Tex. Mar. 26, 2010), *accepted by* 2010 WL 1779645 (N.D. Tex. Apr. 29, 2010) (Ferguson, J.).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).